955 F.2d 49
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Jane A. MALONE, Plaintiff-Appellant,
v.
MAPCO, INCORPORATED, Defendant-Appellee.
 No. 91-5073.
 United States Court of Appeals, Tenth Circuit.
 Feb. 11, 1992.
 
 Before LOGAN and BARRETT, Circuit Judges, and KELLY,* District Judge.
 ORDER AND JUDGMENT**
 LOGAN, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff appeals from an adverse judgment entered by the district court in favor of defendant, her former employer. She brought this action to redress alleged age, race, and sex discrimination under federal employment discrimination laws and under Oklahoma common law regarding wrongful discharge in violation of public policy. Plaintiff also complained of alleged sexual harassment by her supervisor, an employee of defendant. The district court held Oklahoma common law inapplicable in light of the availability of overlapping federal remedies. It dismissed plaintiff's claim of sexual harassment for failure to exhaust it in administrative proceedings. Finally, the district court granted summary judgment for defendant on the merits of plaintiff's discriminatory discharge claims because plaintiff was unable to rebut defendant's legitimate, nondiscriminatory reason for firing her.
 
 
 3
 We begin our analysis with the summary judgment determination, which we review de novo using the same standard employed by the district court under Fed.R.Civ.P. 56(c). See Abercrombie v. City of Catoosa, 896 F.2d 1228, 1230 (10th Cir.1990). After careful review of the record, we agree with the district court that plaintiff failed to meet her burden of demonstrating, at least as a triable issue of fact, that defendant's express, nondiscriminatory reason for discharging her was merely a pretext to obscure the operation of age, race, and/or gender bias. See generally MacDonald v. Eastern Wyo. Mental Health Ctr., 941 F.2d 1115, 1121-22 (10th Cir.1991); Merrick v. Northern Natural Gas Co., 911 F.2d 426, 430-32 (10th Cir.1990).
 
 
 4
 Plaintiff's state claim for wrongful discharge in violation of public policy, see Burk v. K-Mart Corp., 770 P.2d 24 (Okla.1989), is based on the clear legislative mandate against discriminatory termination articulated in the federal employment discrimination statutes. Given our adverse disposition of plaintiff's claims for discriminatory discharge asserted directly under the federal laws, we hold that her tort claim premised upon those same laws could not, in any event, prevail on the merits. Consequently, we need not and do not reach the legal issue upon which the district court's determination turned.
 
 
 5
 Finally, we agree with the district court's rejection of plaintiff's claim for pre-termination sexual harassment due to her failure to exhaust administrative remedies, an established prerequisite for judicial redress of such conduct. See generally Gulley v. Orr, 905 F.2d 1383, 1384 (10th Cir.1990). Plaintiff never so much as remotely alluded to the issue in the administrative charges she filed, see Appellant's App. at 30-44, and the Equal Employment Opportunity Commission (EEOC) did not mention the matter in its initial, adverse determination, see id. at 45. Plaintiff did make two references to sexual harassment in her letter requesting administrative review. See id. at 48, 51, 52. However, we believe that a party cannot use a request for administrative review of a prior agency determination to bring before the agency charges that are not related to those previously brought. Despite the exhaustion requirement, a party can sue on a claim that was omitted from an administrative charge if the omitted claim is "reasonably related" to charges made to the administrative agency or if the omitted claim "could reasonably be expected to follow" from the agency's investigation of the charge that was before it. E.g., Nicol v. Imagematrix, Inc., 767 F.Supp. 744, 753 (E.D.Va.1991). However, we hold that plaintiff's sexual harassment claim is not reasonably related to her claims of discriminatory discharge based on race, sex, and age and could not reasonably be expected to follow from the EEOC's investigation of her initial charges. Thus, plaintiff's failure to allege sexual harassment in her initial administrative charges precluded her from bringing that claim in court.
 
 
 6
 Accordingly, the judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.
 
 
 
 *
 Honorable Patrick F. Kelly, District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3