Kimberly MANARD, Plaintiff–Appellant,

v.

FORT HOWARD CORPORATION and
David Sexton, Defendants–
Appellees,

Equal Employment Advisory
Council, Amicus Curiae.

No. 92–7100.

United States Court of Appeals,
Tenth Circuit.

Feb. 14, 1995.

James H. Abrams, Jr., Muskogee, Oklahoma, for plaintiff-appellant.

David E. Strecker (Leslie C. Rinn with him on the brief) of Shipley, Inhofe & Strecker, Tulsa, OK, for defendants-appellees.

Robert E. Williams, Douglas S. McDowell, and Ann Elizabeth Reesman (Counsel of Record) of McGuiness & Williams, Washington, DC, and Steven S. Greene of Constangy, Brooks & Smith, Atlanta, GA, of counsel, on the brief, for amicus curiae.

Before SEYMOUR, Chief Judge, McKAY, Circuit Judge, and BELOT,* District Judge.

* Honorable Monti L. Belot, United States District Judge for the District of Kansas, sitting by desig-

McKAY, Circuit Judge.

Appellant, Ms. Manard, appeals the granting of summary judgment against her in her sexual harassment action, in which she claimed violations of Title VII, the Civil Rights Act of 1991, and related state wrongful discharge laws. She also appeals the dismissal of one of her state claims, namely, wrongful discharge in violation of public policy. We review the grant of summary judgment de novo. *Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir.1990). "Summary judgment is appropriate when there is no genuine dispute over a material fact, and the moving party is entitled to judgment as a matter of law." *Russillo v. Scarborough*, 935 F.2d 1167, 1170 (10th Cir.1991).

The district court granted summary judgment against Ms. Manard's based on the after-acquired evidence defense asserted by Fort Howard, relying on *Summers v. State Farm Mutual Automobile Insurance Co.*, 864 F.2d 700 (10th Cir.1988). Since that time, the *Summers* after-acquired evidence defense has been largely rejected by the Supreme Court in *McKennon v. Nashville Banner Publishing Co.*, —— U.S. ——, 115 S.Ct. 879, 130 L.Ed.2d 852 (1995)

Accordingly, we reverse the grant of summary judgment and remand this case to the district court for further proceedings in light of the unanimous opinion in *McKennon*.

Ms. Manard's claim that the Civil Rights Act of 1991 should apply to her case has been recently foreclosed by the Supreme Court. In two cases, *Landgraf v. USI Film Products*, —— U.S. ——, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994), and *Rivers v. Roadway Express, Inc.*, —— U.S. ——, 114 S.Ct. 1510, 128 L.Ed.2d 274 (1994), the Supreme Court held that the provisions of the Civil Rights Act of 1991 which Ms. Manard cites do not apply retroactively, and therefore she cannot benefit from them.

Because we are remanding Ms. Manard's federal claims to the district court for further

nation.

proceedings, it should also retain jurisdiction over Ms. Manard's pendent common-law claims, at least for the time being. In conjunction with our remand on the Title VII issues, we also reverse the district court's dismissal of Ms. Manard's tort claim for wrongful discharge in violation of public policy based on *Burk v. K–Mart*, 770 P.2d 24 (Okl.1989). We do not address the merits of this claim, but merely direct the district court to reconsider its decision in light of *Tate v. Browning–Ferris, Inc.*, 833 P.2d 1218 (Okl.1992).

AFFIRMED in part, REVERSED in part, and REMANDED.