Thomas E. RICKY, Plaintiff–Appellant,

v.

MAPCO, INC., a Delaware Corporation, Defendant–Appellee.

No. 93–5214.

United States Court of Appeals, Tenth Circuit.

March 21, 1995.

Karen L. Long, Rosenstein, Fist & Ringold, Tulsa, OK, for plaintiff-appellant.

John T. Schmidt, Conner & Winters (Randolph L. Jones, Jr. and C. Kevin Morrison, Conner & Winters; James N. Cundiff, Mapco, Inc., with him on the brief), Tulsa, OK, for defendant-appellee.

Before BRORBY, SETH, and LAY,[*] Circuit Judges.

LAY, Senior Circuit Judge.

This is an appeal by Thomas E. Ricky from the judgment of the district court denying him damages in an age discrimination case brought under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621–634 (1988 & Supp. V. 1993) ("ADEA"). The case was tried by a jury which found Ricky's

---

[*] Honorable Donald P. Lay, Senior Circuit Judge for the United States Court of Appeals for the Eighth Circuit, sitting by designation.

former employer, Mapco, Inc. ("Mapco"), discriminated against him in violation of the ADEA. The jury, however, denied Ricky any damages, finding Mapco would have terminated him in any case if it had known about certain incidents of prior misconduct. Thus, Ricky was denied damages based upon the so-called "after-acquired evidence doctrine." This appeal followed. At the time the present case was argued, *McKennon v. Nashville Banner Publishing Co.,* —— U.S. ——, 115 S.Ct. 879, 130 L.Ed.2d 852 (1995), a case involving the after-acquired evidence doctrine, was pending before the Supreme Court of the United States. The Court rendered its decision in *McKennon* on January 23, 1995. On the basis of that decision, we now reverse and remand for a new trial limited to the issue of damages.

## BACKGROUND

Ricky was an attorney at Mapco from 1980 until he was terminated in November 1989. In late 1991, he filed this action claiming Mapco terminated him because of his age in violation of the ADEA and Oklahoma public policy. Mapco asserted an affirmative defense, urging Ricky's claim was barred because he had sexually harassed a Mapco secretary and that if Mapco had known about these incidents, it would have terminated him for that misconduct. On this basis, it argues that neither backpay nor any other remedy is available to Ricky under the ADEA.

Mapco offered evidence that Ricky had sexually harassed his secretary, Jane Malone, from the time he was hired until she left Mapco's employment because of performance problems, which were unrelated to her work for Ricky, in December 1987. After her termination, Malone filed suit against Mapco in December 1989, claiming Mapco had discriminated against her. Among Malone's allegations were charges that Ricky had sexually harassed her.[1]

In Ricky's ADEA action against Mapco, the district court bifurcated the trial into two parts: liability and damages. After the liability phase, the jury returned a verdict for Ricky, finding Mapco liable for age discrimination. During the damage phase of the trial, the district court allowed Mapco to present evidence that it would have terminated Ricky for his misconduct involving Malone if it had been aware of it. The court instructed the jury: "Thus, in this case, if you find that the defendant would have terminated plaintiff if it had known that certain legitimate reason or reasons existed for his termination—and that reason(s) alone would justify termination—then plaintiff is not entitled to any remedy...." Appellant's App. at 448 (Jury Instructions in Damage Phase). The jury awarded Ricky no damages, and this appeal followed.

## ANALYSIS

In *Summers v. State Farm Mutual Automobile Insurance Co.,* 864 F.2d 700, 708 (10th Cir.1988), this Court held that an employee may be barred from recovering for a discriminatory discharge if the employer discovers after the discharge that the employee engaged in misconduct justifying termination. On the authority of *Summers,* the district court permitted Mapco to present evidence concerning Ricky's alleged misconduct involving Malone to the jury during the damage phase of the trial. Based on the jury's finding, the court then barred Ricky from any remedy.

On appeal, Ricky argues that the alleged misconduct was known to the company before his termination and therefore does not qualify as after-acquired evidence. On that basis, Ricky urges all evidence concerning

---

1. In a deposition prepared in connection with the litigation between Mapco and Malone, Malone alleged that Ricky took her out for drinks after work and propositioned her. She told him she would not accept his proposition because she did not want to "mix business with pleasure." Appellant's App. at 360. Ricky admitted that he propositioned Malone in late 1981 or early 1982, but claimed that his advances ended there. Malone stated in her deposition that over the next

few years, Ricky continued to ask her occasionally whether she "still [did not] mix business with pleasure." *Id.* She also claimed that Ricky made a racial slur in her presence. Malone's suit against Mapco was resolved on summary judgment in Mapco's favor; her sexual harassment claims were dismissed for failure to exhaust administrative remedies. *See Malone v. Mapco, Inc.,* 955 F.2d 49 (10th Cir.1992).

allegations of misconduct involving Malone should have been excluded from *both* phases of the trial. The district court and the parties agree that Mapco's management knew about the initial proposition Ricky made to Malone.[2] The court concluded, however, that Mapco should be able to argue to the jury that had it known about Malone's allegations that Ricky renewed his request for sexual favors several times after the initial incident and also made a racial slur in her presence, it would have terminated him.

Ricky argues that no reasonable jury could conclude that Mapco would have terminated Ricky based on Malone's allegations that he continued to sexually harass her and made a racial slur in her presence because those allegations are not credible and because Mapco's management failed to respond when it learned of the first incident. We agree with the district court, however, that the fact-finder is in a better position to make that determination. Thus, we find the district court did not err in permitting Mapco to present evidence to the jury concerning what it would have done if it knew about the allegations that Ricky renewed his request for sexual favors and made a racial remark to Malone.[3]

 Ricky next argues that the allegations of misconduct should not act as a complete bar to his recovery, but rather should only partially reduce the damages to which he is entitled. In light of *McKennon*, we must now agree with Ricky. In *McKennon*, the Supreme Court rejected this Court's reasoning in *Summers* and held that after-acquired evidence of misconduct cannot act as a complete bar to recovery in an ADEA action, but rather only affects the amount of damages an employee may recover. *McKennon*, —— U.S. at ——, 115 S.Ct. at 887.

*McKennon* makes clear that Mapco must demonstrate to the jury, not only that it was unaware of the allegations of continued misconduct when Ricky was terminated, but also that the misconduct Malone alleged was serious enough to justify discharge and that Mapco would have discharged Ricky if it had known about those allegations. *See McKennon*, —— U.S. at —— ——, 115 S.Ct. at 886–87. If Mapco proves these elements, the jury must then determine the precise date on which Mapco would have terminated Ricky so that backpay may be calculated to that date. As the *McKennon* Court indicated, "[t]he beginning point in the trial court's formulation of a remedy should be calculation of backpay from the date of the unlawful discharge to the date the new information was discovered."[4] *McKennon*, —— U.S. at ——, 115 S.Ct. at 886.

**2.** The district court originally granted Ricky's motion in limine to exclude testimony concerning the first proposition Ricky made to Malone because that incident was known to management long before Ricky was terminated. When the court decided to bifurcate the trial, however, it admitted testimony about the first incident during the damage phase of the trial to put the allegations concerning subsequent incidents between Ricky and Malone in context. Appellant's App. at 570 ("And I will let the record note further, the only reason I'm letting the prior incident in which was accepted by management, so that it puts in context the entire relationship and the information management would have in arriving at its decision."). On appeal, Mapco claims there is no evidence in the record that its management was aware of the first incident between Malone and Ricky except Ricky's own testimony. The record makes clear, however, that the district court made that assumption and that Mapco's counsel not only failed to object to the district court's assumption, but also actually made statements to the court admitting Mapco's management was aware of the incident. Appellant's App. at 560 ("[I]t was known, that one incident was known before.").

**3.** Ricky denied any misconduct other than the original incident, known to Mapco, which occurred in late 1981 or early 1982. Ricky points to Mapco's Brief in Support of its Motion for Summary Judgment in the litigation between Mapco and Malone which questions whether Ricky's conduct, as described by Malone, "occurred at all" and arguing at best that it was "isolated." Mapco's Brief in Support of Motion for Summary Judgment at 22, *Malone v. Mapco*, No. 89–C–1029–E (N.D.Okla.) (Appellant's App. at 504). We emphasize that under *McKennon*, Mapco must demonstrate that the wrongdoing was "of such severity that the employee in fact would have been terminated on those grounds alone if the employer had known of it at the time of the discharge." *McKennon*, —— U.S. at —— —— ——, 115 S.Ct. at 886–87.

**4.** Ricky has raised several other issues, including evidentiary ones. We need not pass on those issues at this time, but if necessary, can review these questions after the new trial on damages. We make clear that Ricky, as well as Mapco, may attempt to argue their various evidentiary claims in the district court and the trial court must rule

For the foregoing reasons, we reverse and remand to the district court for further proceedings consistent with this opinion and the *McKennon* decision.

anew on issues of exclusion and admission of the evidence as presented.