**Dorothea O'DRISCOLL, Plaintiff–Counter–Defendant–Appellant,**

**v.**

**HERCULES INC., a Delaware corporation; McDonald, Defendants–Counter–Claimants–Appellees.**

**No. 92–4164.**

United States Court of Appeals, Tenth Circuit.

April 6, 1995.

Phillip B. Shell of Day & Barney, Murray, UT, for plaintiff-counter-defendant-appellant.

Keith E. Taylor (Spencer C. Austin, Douglas R. Davis, with him on the brief) of Parsons, Behle & Latimer, Salt Lake City, UT, for defendants-counter-claimants-appellees.

Before BALDOCK, BARRETT, and EBEL, Circuit Judges.

This matter is before the court pursuant to the United States Supreme Court's remand instruction. Plaintiff Dorothea O'Driscoll was employed by Defendant Hercules, Inc. Bacchus Works from January 7, 1980 until she was terminated on April 25, 1986. Upon termination, Plaintiff filed suit against Hercules and others, alleging violations of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621–634, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, the Fair Labor Standards Act, 29 U.S.C. §§ 201–219, as well as violations of state law including breach of employment contract and wrongful termination.

The district court entered summary judgment against Plaintiff based on the after-acquired evidence defense asserted by Defendant Hercules, relying on *Summers v. State Farm Mutual Automobile Ins. Co.,* 864 F.2d 700 (10th Cir.1988). *See O'Driscoll v. Hercules, Inc. (O'Driscoll I),* 745 F.Supp. 656, 660–61 (D.Utah 1990). On appeal, we affirmed. *See O'Driscoll v. Hercules, Inc. (O'Driscoll II),* 12 F.3d 176, 180–81 (10th Cir.1994). Plaintiff petitioned for certiorari with the United States Supreme Court.

On January 23, 1995, the Supreme Court largely rejected the after-acquired evidence defense in *McKennon v. Nashville Banner Publishing Co.,* —— U.S. ——, 115 S.Ct. 879, 130 L.Ed.2d 852 (1995). On February 21, 1995, the Supreme Court granted Plaintiff's petition for certiorari, vacated our opinion in *O'Driscoll II,* and remanded for further consideration in light of *McKennon. See O'Driscoll v. Hercules, Inc.,* —— U.S. ——, 115 S.Ct. 1086, 130 L.Ed.2d 1056 (1995).

On March 29, 1995 we issued an order vacating our judgment and recalling the

mandate in *O'Driscoll II*. Accordingly, we REVERSE the district court's grant of summary judgment against Plaintiff in *O'Driscoll I* and REMAND this case to the district court for further proceedings consistent with the Supreme Court's decision in *McKennon*. The mandate shall issue forthwith.

REVERSED.