54 F.3d 787
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Eric GOMEZ, Plaintiff-Appellant,
v.
CITY AND COUNTY OF DENVER, a municipal corporation; Bobby
E. Reagan, Defendants-Appellees.
 No. 92-1217.
 United States Court of Appeals, Tenth Circuit.
 May 15, 1995.
 
 ORDER AND JUDGMENT[1]
 Before ANDERSON, BALDOCK, and BRORBY, Circuit Judges.[2]
 BALDOCK, Circuit Judge.
 
 
 1
 Plaintiff-appellant appeals the district court's order granting summary judgment to defendants-appellees on his claims that he was dismissed from his position as a member of the Reserve Police Unit for the City and County of Denver on the basis of his national origin, Hispanic, in violation of 42 U.S.C.1981, 1983, and 2000e through 2000e-17 (Title VII). We review de novo the district court's grant of summary judgment. Manard v. Fort Howard Corp., 47 F.3d 1067, 1067 (10th Cir.1995). Summary judgment is appropriate if the material facts are not genuinely disputed and the moving party is entitled to judgment as a matter of law. Id.
 
 
 2
 Plaintiff's 1981 and 1983 claims are based on his dismissal from the Reserve Police Unit. Plaintiff concedes that if his 1981 claim fails, his 1983 claim also fails. Because plaintiff's dismissal was post-contract conduct, 1981 does not apply. Patterson v. McLean Credit Union, 491 U.S. 164, 171 (1989). Plaintiff maintains that section 101 of the Civil Rights Act of 1991, codified at 42 U.S.C.1981(b)(Act), providing that 1981 applies to discriminatory contract terminations, should retroactively apply to his dismissal occurring before the Act's effective date.
 
 
 3
 This appeal was abated pending the Supreme Court's resolution of the Act's retroactivity. The Court resolved this issue against plaintiff's position in Rivers v. Roadway Express, Inc., 114 S.Ct. 1510 (1994), holding that section 101 of the Act, 42 U.S.C.1981(b), does not apply to conduct occurring before the Act's effective date, November 21, 1991. Id. at 1519-20. Here, plaintiff was dismissed in 1990. Accordingly, the district court's order declining to apply the Act retroactively to plaintiff's case will be affirmed.
 
 
 4
 The district court held Title VII did not apply to plaintiff because he was a volunteer and not an employee. We affirm the district court for substantially the reasons stated in its June 19, 1992 order.
 
 
 5
 The judgment of the United States District Court for the District of Colorado is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument