60 F.3d 837
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Christine D. LANGE, Plaintiff-Appellant,
v.
Marvin T. RUNYON, Postmaster General, Defendant-Appellee.
 No. 94-4105.
 United States Court of Appeals, Tenth Circuit.
 July 7, 1995.
 
 1
 Before TACHA and HOLLOWAY, Circuit Judges, and BURRAGE[2], District Judge.
 
 TACHA
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Plaintiff Christine D. Lange filed this action against defendant Marvin T. Runyon, Postmaster General, alleging that the Postal Service wrongfully terminated her employment on March 1, 1988. Plaintiff claims that the Postal Service discriminated against her on the basis of age and disability. In addition, plaintiff contends that when she requested an accommodation for her disability, the Postal Service retaliated by terminating her employment.
 
 
 4
 Defendant moved for summary judgment based on its assertion that plaintiff had falsified medical forms in her employment application. Because the alleged misrepresentations provided an independent basis for terminating plaintiff's employment, defendant contended that plaintiff was barred from recovery on her discrimination claims by the after-acquired evidence rule enunciated in Summers v. State Farm Mut. Auto. Ins. Co., 864 F.2d 700 (10th Cir.1988). The district court agreed with defendant, concluding that "even if plaintiff were unjustly terminated as alleged, she has no remedy because defendant, based on after acquired evidence, had an independent basis for terminating plaintiff and would have terminated her had it known of the misconduct."
 
 
 5
 Plaintiff appealed to this court. We abated proceedings pending the United States Supreme Court's decision in McKennon v. Nashville Banner Publishing Co., which was decided on January 23, 1995. 115 S.Ct. 879 (1995). In McKennon, the Court held that "after-acquired evidence of [a discharged employee's] wrongdoing which would have resulted in discharge [does not] bar [the] employee[ ] from any relief under [an anti-discrimination statute]." Id. at 883. Thus, "the Summers after-acquired evidence defense has been largely rejected by ... McKennon." Manard v. Fort Howard Corp., 47 F.3d 1067, 1067 (10th Cir.1995).
 
 
 6
 Consequently, we REVERSE summary judgment of the district court and REMAND the case for further proceedings consistent with McKennon, 115 S.Ct. 879.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 The Honorable Michael Burrage, District Judge, United States District Court for the Eastern District of Oklahoma, sitting by designation