72 F.3d 117
 69 Fair Empl.Prac.Cas. (BNA) 1036,
67 Empl. Prac. Dec. P 43,844
Rohaida DUART, as Personal representative for John Raymond
Duart, Plaintiff-Appellant,
v.
FMC WYOMING CORPORATION, a Delaware corporation, Defendant-Appellee.
 No. 94-8090.
 United States Court of Appeals,
Tenth Circuit.
 Dec. 18, 1995.
 
 Bruce S. Asay, Cheyenne, Wyoming, for Plaintiff-Appellant.
 Stacy D. Shartin (and James A. Breslo of Seyfarth, Shaw, Fairweather & Geraldson, with her on the brief), Los Angeles, California, for Defendant-Appellee.
 Before EBEL, Circuit Judge, McWILLIAMS, Senior Circuit Judge, and JENKINS, Senior District Judge.*
 McWILLIAMS, Senior Circuit Judge.
 
 
 1
 On November 7, 1991, John Raymond Duart, then the age of 56 years, 10 months and 23 days, was hired by FMC Wyoming Corporation, a Delaware corporation, as an Engineer Electrical IV (Grade 20) at FMC's plant in Green River, Wyoming. On February 5, 1993, 1 year, 2 months and 29 days after he was hired, Duart was fired by FMC, Duart then being the age 58 years, 1 month and 21 days. The reason given by FMC for terminating Duart was that Duart's job performance was unsatisfactory.
 
 
 2
 After his termination by FMC, Duart filed complaints with the Wyoming Fair Employment Practices Commission and the Equal Employment Opportunity Commission. After receiving a right-to-sue letter, he brought suit against FMC in the United States District Court for the District of Wyoming, claiming, inter alia, that FMC terminated his employment because of his age.
 
 
 3
 In his original complaint, filed on December 16, 1993, Duart alleged three causes of action. The first claim was based on the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. Sec. 621, et seq. He also alleged two claims based on Wyoming law; namely, breach of contract and promissory estoppel, and negligent infliction of emotional distress. These claims were asserted as pendent claims to Duart's age discrimination claim, but jurisdiction was also based on diversity. After FMC had filed an answer to the complaint, Duart filed an amended complaint in which he asserted an additional state claim for breach of the duty of good faith and fair dealing.
 
 
 4
 Although they are not a part of the record before us, FMC next filed a motion to dismiss under Fed.R.Civ.P. 12(b)(6), and a motion for summary judgment, or partial summary judgment, under Fed.R.Civ.P. 56. In support thereof, FMC filed numerous affidavits and depositions, or excerpts therefrom. Duart, by way of response, also filed numerous affidavits and depositions, or excerpts therefrom. The district court elected to treat the 12(b)(6) motion as a motion for summary judgment and granted the motion, entering summary judgment for FMC. The district court's order appears as Duart v. FMC Wyoming Corp., 859 F.Supp. 1447 (D.Wyo.1994).[1] Duart appeals.
 
 
 5
 In granting FMC's motion for summary judgment, the district court first considered the question of whether Duart's alleged misrepresentations in his resume and employment application with FMC barred recovery on all of his four claims based on wrongful termination. Relying on O'Driscoll v. Hercules, Inc., 12 F.3d 176 (10th Cir.1994), the district court concluded that: (1) there were misrepresentations in the resume which Duart gave FMC and in his subsequent application for employment; (2) those misrepresentations were material; (3) if FMC had known of the misrepresentations, it would not have hired Duart in the first instance; and (4) such misrepresentations were adequate grounds for thereafter terminating Duart's employment. Notwithstanding, the district court then went on to consider each of Duart's four claims on their merits and concluded that each was subject to summary judgment in favor of FMC.
 
 
 6
 Under these circumstances, we should first consider the question of whether there were misrepresentations in Duart's resume and employment application, which would themselves bar recovery on his four claims based on wrongful termination. In concluding that Duart had made material misrepresentations in his resume and in his application for employment, the district court set forth its rationale in considerable detail. Duart, 859 F.Supp. at 1454-56. Such will not be repeated here.
 
 
 7
 As indicated, in granting summary judgment for FMC the district court relied, in the first instance, on O'Driscoll v. Hercules, supra. In Hercules, Dorothea O'Driscoll brought suit for wrongful termination of her employment with Hercules, Inc., basing her claims for relief on the ADEA, along with pendent claims for breach of contract and wrongful termination. While preparing for trial, Hercules discovered evidence of misconduct on the part of O'Driscoll about which it had been unaware when it fired her. This uncontroverted after-acquired evidence was described by us in Hercules:
 
 
 8
 While preparing for trial, Hercules discovered evidence of misconduct on the part of Plaintiff that it was unaware of when it terminated Plaintiff. The uncontroverted after-acquired evidence of misconduct included the following: (1) on her employment application, Plaintiff misrepresented her age so as to appear five years younger, falsely represented that she had never previously applied for employment with Hercules, and failed to disclose a previous employer; (2) on her pre-employment forms, Plaintiff misrepresented her age, date of graduation from high school, ages of her children, and falsely represented that she had completed two quarters of study at Salt Lake City Technical College; (3) on her application for membership with Blue Cross-Blue Shield of Utah, Plaintiff misrepresented the age of her son, who would have been otherwise ineligible for coverage as Plaintiff's dependent; and (4) on her "Application and Authorization for Access to Confidential Information" ("Security Clearance"), a United States Government form, Plaintiff misrepresented her age.
 
 
 9
 Hercules, 12 F.3d at 177-78.
 
 
 10
 In Hercules, as in the instant case, the employee had signed a declaration to the effect that the employee understood that misrepresentation in the employment application could be grounds for cancellation of the application, or, if already employed, for termination of the employment.
 
 
 11
 The defendant in Hercules filed a motion for summary judgment. The district court, relying on Summers v. State Farm Mutual Automobile Ins. Co., 864 F.2d 700 (10th Cir.1988), granted summary judgment for Hercules, and O'Driscoll appealed.
 
 
 12
 On appeal, we affirmed. In so doing, we commented as follows:
 
 
 13
 In summary, we conclude that, under Summers, Hercules' after-acquired evidence of Plaintiff's misconduct precludes Plaintiff from obtaining relief for her termination. This is so because Hercules successfully demonstrated that it did not know of Plaintiff's misconduct when she was terminated, it would have been justified in terminating Plaintiff for the misconduct, and it would, in fact, have terminated Plaintiff had it known of her misconduct.
 
 
 14
 Hercules, 12 F.3d at 180-81.
 
 
 15
 We agree with the district court that under O'Driscoll v. Hercules, Inc., supra, if Duart made material misrepresentations in his resume and application for employment which were not known to FMC when it hired Duart, but were later discovered by FMC, such would constitute adequate grounds for FMC to terminate Duart's employment and would preclude recovery on all of Duart's four claims. However, subsequent to the district court's order granting summary judgment to FMC, which was entered on August 5, 1994, the Supreme Court on February 21, 1995, granted O'Driscoll's petition for certiorari, vacated our opinion and remanded for further consideration in light of McKennon v. Nashville Banner Publishing Co., 513 U.S. ----, 115 S.Ct. 879, 130 L.Ed.2d 852 (1995). See O'Driscoll v. Hercules, Inc., --- U.S. ----, 115 S.Ct. 1086, 130 L.Ed.2d 1056 (1995).
 
 
 16
 On remand, we, on March 29, 1995, recalled the mandate and vacated our earlier opinion. On April 6, 1995, we reversed the district court's grant of summary judgment against O'Driscoll and remanded the case to the district court for further proceedings consistent with McKennon v. Nashville Banner, supra. See O'Driscoll v. Hercules, Inc., 52 F.3d 294 (10th Cir.1995).
 
 
 17
 McKennon, supra, held that an employee discharged in violation of ADEA is not barred from all relief when, after the discharge, the employer discovers evidence of wrongdoing which would have, in any event, lead to the employee's termination on lawful and legitimate grounds. However, the Supreme Court further held that such after-acquired evidence might bear on "the specific remedy to be ordered." McKennon, --- U.S. at ----, 115 S.Ct. at 885. In this latter regard, the Court concluded that as a general rule in such cases, neither reinstatement nor front pay is an appropriate remedy, and that the "beginning point in a trial court's formulation of a remedy should be calculation of backpay from the date of the unlawful discharge to the date the new information was discovered." Id. at ----, 115 S.Ct. at 886.
 
 
 18
 So, the rationale of our earlier O'Driscoll opinion is no longer a basis for granting summary judgment to FMC on Duart's ADEA claim. However, as noted, the district court held in the alternative that, disregarding the material misrepresentations in Duart's resume and application, FMC was still entitled to summary judgment on Duart's ADEA claim. We agree.
 
 
 19
 The district court in Duart, 859 F.Supp. at 1456-58, evaluated the affidavits and other evidentiary matter before it on FMC's motion for summary judgment as such relate to Duart's ADEA claim, and after reviewing the applicable law relating thereto, concluded that though Duart may have made a prima facie showing of age discrimination, FMC had thereafter articulated a legitimate, nondiscriminatory reason for terminating his employment, i.e. unsatisfactory job performance, and that Duart had failed to show that the reason advanced by FMC for termination was pretextual. Without endorsing all of the district court's reasoning, we are in general accord.
 
 
 20
 We are uncertain whether Wyoming would adopt the rationale of McKennon and hold that a terminated employee's claims for breach of contract and promissory estoppel, negligent infliction of emotional distress, and breach of duty of good faith and fair dealing are not totally barred because the employer later discovers material misrepresentations in the employee's resume and application which would themselves justify termination. Such being the case, we will consider on their merits Duart's claims based on breach of contract and promissory estoppel, negligent infliction of emotional distress, and breach of duty of good faith and fair dealing, as did the district court.
 
 
 21
 The district court carefully considered Duart's claim based on breach of contract and promissory estoppel and at pages 1458 to 1462 set forth its basis for concluding that FMC was entitled to summary judgment. We are in general accord with the district court's disposition of this claim, and its rationale will not be repeated here.
 
 
 22
 The district court considered Duart's claim based on negligent infliction of emotional distress and at page 1464 set forth its reasons for granting summary judgment to FMC on that particular claim. Again, we are in general accord with the district court and see no need to here repeat that which the district court has already well said.
 
 
 23
 The district court at pages 1463 to 1464 considered Duart's claim for breach of duty of good faith and fair dealing and concluded that FMC was entitled to summary judgment on that claim. We are in general accord with the district court's disposition of this particular claim, too.
 
 
 24
 Therefore, Judgment affirmed.
 
 
 
 *
 Honorable Bruce S. Jenkins, Senior District Judge of the District of Utah, sitting by designation
 
 
 [1]
 John Raymond Duart died during the course of this litigation. His widow, Rohaida Duart, as personal representative for John Raymond Duart, has been substituted for him as plaintiff