**Mark ROALSON, Plaintiff,**

v.

**WAL–MART STORES, INC., Defendant.**

**No. 97–2308–JWL.**

United States District Court,
D. Kansas.

July 10, 1998.

Darrel J. Huenergardt, Kimball, NE, Diane M. Breneman, Leland M Shurin, Shaffer, Lombardo & Shurin, Kansas City, MO, Mitchell A Tyner, Silver Spring, MD, for Plaintiff.

Claire Renee Mattan, Allison L Bergman, Morrison & Hecker L.L.P., Kansas City, MO, Alan L. Rupe, Morrison & Hecker L.L.P., Wichita, KS, for Defendant.

## MEMORANDUM AND ORDER

LUNGSTRUM, District Judge.

Plaintiff Mark Roalson filed suit against defendant Wal–Mart Stores, Inc. alleging that defendant failed to hire plaintiff based on his religion in violation of Title VII. This matter is presently before the court on defendant's motion for summary judgment (Doc. # 62). For the reasons set forth below, defendant's motion is denied.

### I. Facts[1]

In April 1995, plaintiff Mark Roalson completed an application for employment with defendant Wal–Mart Stores, Inc. ("Wal–Mart") at one of Wal–Mart's distribution centers. Approximately two weeks later, Sean Harriman, a manager at the distribution center, conducted a screening interview of plaintiff. After this initial interview, a second interview was scheduled. Cheri Luchi conducted this interview with plaintiff. According to Luchi, Wal–Mart did not offer plaintiff a position at its distribution center because there were no openings available with the specific work schedule requested by plaintiff.

Shortly after this decision, Wal–Mart discovered an alleged misrepresentation in the

---

1. Both parties have failed to comply with Local Rule 56.1 in their papers. Defendant has neglected to set forth its statement of facts in separately numbered paragraphs and plaintiff has failed to specifically controvert defendant's facts. Such deficiencies are unacceptable from counsel admitted to practice in the District of Kansas. Both parties are advised to familiarize themselves with the local rules of this court prior to filing papers with the court in the future.

Despite the foregoing, the court has reviewed the facts set forth by both parties in an effort to discern which facts are uncontroverted. Thus, in accordance with the applicable summary judgment standard, the facts set forth are either uncontroverted or related in the light most favorable to plaintiff.

employment application completed by plaintiff. Specifically, plaintiff listed one of his previous employers as Rogers Home Improvement and identified the "dates employed" by Rogers Home Improvement as September 1, 1989 to February 1, 1994. When Wal–Mart contacted Monte Rogers, the owner of Rogers Home Improvement, for purposes of obtaining a reference with respect to plaintiff, Rogers indicated that plaintiff had worked for Rogers Home Improvement for only six weeks.

Based solely on this "after-acquired evidence" of plaintiff's alleged misrepresentation,[2] Wal–Mart seeks summary judgment on both the liability and damages elements of plaintiff's religious discrimination claim. As set forth below, defendant's motion for summary judgment is denied.

## II. Summary Judgment Standard

When considering a motion for summary judgment, the court must examine all of the evidence in the light most favorable to the nonmoving party. *Jones v. Unisys Corp.*, 54 F.3d 624, 628 (10th Cir.1995). A moving party that also bears the burden of proof at trial is entitled to summary judgment only when the evidence indicates that no genuine issue of material fact exists. Fed.R.Civ.P. 56(c); *Anglemyer v. Hamilton County Hosp.*, 58 F.3d 533, 536 (10th Cir.1995). If the moving party does not bear the burden of proof at trial, it must show "that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Once the movant meets these requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The nonmovant may not merely rest on the pleadings to meet this burden. *Id.*

2. Wal–Mart apparently started the reference-checking process prior to plaintiff's second interview, although it did not discover the discrepancy until after the hiring decision had been made.

3. Although *McKennon* discussed the after-acquired evidence defense in the context of an ADEA claim, the Tenth Circuit has applied the *McKennon* principles to Title VII claims. *See*

Genuine factual issues must exist that "can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* at 250, 106 S.Ct. 2505. Summary judgment is not a "disfavored procedural shortcut;" rather, it is an important procedure "designed to secure the just, speedy and inexpensive determination of every action." *Celotex*, 477 U.S. at 327, 106 S.Ct. 2548(quoting Fed.R.Civ.P. 1).

## III. Discussion

In support of its motion for summary judgment, defendant relies exclusively on the so-called "after-acquired evidence" defense. According to defendant, summary judgment is appropriate with respect to plaintiff's claim because plaintiff's wrongdoing was of such severity that, regardless of the actual motivation underlying Wal–Mart's refusal to hire plaintiff, plaintiff in fact would not have been hired in any event if Wal–Mart had known of the alleged misrepresentation at the time of the hiring decision. *See McKennon v. Nashville Banner Publishing Co.*, 513 U.S. 352, 362–63, 115 S.Ct. 879, 130 L.Ed.2d 852 (1995).

Defendant fails to recognize, however, that the Supreme Court has largely rejected the after-acquired evidence defense. *See Manard v. Fort Howard Corp.*, 47 F.3d 1067 (10th Cir.1995) (citing *McKennon* ). In *McKennon*, the Supreme Court held that an employee discharged in violation of the ADEA is not barred from all relief when, after the discharge, the employer discovers evidence of wrongdoing which would have lead to the employee's termination on lawful and legitimate grounds. 513 U.S. at 357, 115 S.Ct. 879 ("a violation of the ADEA cannot be so altogether disregarded"). Such "after-acquired" evidence, however, might bear on the specific remedy to be ordered. *Id.* at 360–61, 115 S.Ct. 879.[3]

Because the after-acquired evidence defense has no bearing on liability, the Tenth

*O'Driscoll v. Hercules Inc.*, 52 F.3d 294 (10th Cir.1995) (reversing grant of summary judgment and remanding Title VII claim to district court for further proceedings without suggesting any limitation of the *McKennon* principles to ADEA cases); *Manard v. Fort Howard Corp.*, 47 F.3d 1067 (10th Cir.1995) (applying *McKennon*, without discussion, to Title VII sexual harassment case).

Circuit has consistently reversed district court decisions granting summary judgment in favor of defendants when summary judgment was based on the after-acquired evidence defense. *See O'Driscoll v. Hercules Inc.*, 52 F.3d 294, 294–95 (10th Cir.1995) (reversing grant of summary judgment in light of *McKennon*); *Ricky v. Mapco, Inc.*, 50 F.3d 874, 876–77 (10th Cir.1995) (same); *Manard v. Fort Howard Corp.*, 47 F.3d 1067 (10th Cir.1995) (same). *See also Duart v. FMC Wyoming Corp.*, 72 F.3d 117, 119–20 (10th Cir.1995) (affirming summary judgment on alternative grounds but noting that after-acquired evidence doctrine was "no longer a basis" for granting summary judgment on plaintiff's ADEA claim). Similarly, courts in this district have recognized that the after-acquired evidence defense is not an appropriate basis for granting an employer summary judgment on liability. *See Hernandez v. City of Ottawa*, 991 F.Supp. 1273, 1275 n. 2 (D.Kan.1998) (after-acquired evidence of alleged misrepresentation in plaintiff's resume is "irrelevant" for purposes of analyzing defendant's summary judgment motion on liability) (citing *McKennon*). In light of *McKennon* and the Tenth Circuit's post-*McKennon* decisions, the court must deny defendant's motion to the extent it seeks summary judgment on liability.

To the extent defendant seeks summary judgment on plaintiff's claim for damages, *McKennon* makes clear that an employer seeking to rely upon after-acquired evidence of wrongdoing "must first establish that the wrongdoing was of such severity that the employee in fact would have been terminated on those grounds alone if the employer had known of it at the time of the discharge." *McKennon*, 513 U.S. at 362–63, 115 S.Ct. 879. *See also Ricky*, 50 F.3d at 876 ("Mapco must demonstrate to the jury not only that it

was unaware of the [misconduct] when Ricky was terminated, but also that the misconduct ... was serious enough to justify discharge and that Mapco would have discharged Ricky if it had known about those allegations." (citing *McKennon*). As set forth below, the court agrees with plaintiff that genuine issues of material fact exist with respect to whether plaintiff's alleged misrepresentation was serious enough that plaintiff in fact would not have been hired by Wal–Mart if it had known of the alleged misrepresentation at the time the decision was made.[4] Accordingly, summary judgment on plaintiff's claim for damages is inappropriate. *See Davidson v. Mac Equipment, Inc.*, No. 93–2500–EEO, 1995 WL 151736, at *3 (D.Kan. Mar.6, 1995) (denying defendant's motion for summary judgment on plaintiff's claim for reinstatement and front pay based on after-acquired evidence defense where questions of fact remained regarding whether plaintiff actually engaged in misconduct).

According to plaintiff, the alleged "misrepresentation" amounts to nothing more than a misunderstanding between the parties. Plaintiff explained in his affidavit that he listed the dates of employment for Rogers Home Improvement as September 1989 through February 1994 because he had been employed by Monte Rogers and Rogers Home Improvement at various times throughout that period. Plaintiff further explained that when Monte Rogers told Wal–Mart that plaintiff had worked for him for six weeks, Rogers was referring to the length of time plaintiff was last employed during the overall period of time in which plaintiff periodically worked for Rogers Home Improvement. Based on plaintiff's explanation, a reasonable jury could conclude that plaintiff did not intend to misrepresent his employment history when he applied for a position at Wal–Mart and, thus, the misinformation

---

4. The *McKennon* court applied a "would have been fired" standard because the plaintiff's wrongdoing occurred after the hiring decision and during her employment. Some courts have suggested, without analysis, that the "would have been fired" standard of *McKennon* is inapplicable in failure-to-hire cases. *See Shattuck v. Kinetic Concepts, Inc.*, 49 F.3d 1106, 1108 (5th Cir.1995) ("We are persuaded that the pertinent inquiry, except in refusal-to-hire cases, is whether the employee would have been fired upon discovery of the wrongdoing, not whether he

would have been hired in the first instance."). *See also Wallace v. Dunn Const. Co.*, 62 F.3d 374, 379 n. 8 (11th Cir.1995) (same). In their papers, the parties seem to use the "would have been fired" standard and "would not have been hired" standard interchangeably and without discussion. Thus, because the parties have not raised the issue of the appropriate standard, the court assumes without deciding that the appropriate standard in a failure-to-hire case is whether the plaintiff "would not have been hired."

was simply not serious enough that plaintiff in fact would not have been hired by Wal–Mart.[5]

Even Wal–Mart's evidence suggests that the discrepancy on plaintiff's employment application would not have necessarily disqualified plaintiff from employment. Steven Wayne Harris, the personnel director at Wal–Mart's distribution center, testified in his deposition that Wal–Mart would investigate any discrepancies on an employment application with respect to dates of former employment in an effort to ascertain the applicant's intent. If, according to Harris's deposition testimony, an applicant intentionally misrepresented information to obtain employment, the applicant would not be hired or, if the individual had already been hired, would be discharged. If, however, the applicant had a reasonable explanation for the discrepancy, then Wal–Mart would not disqualify the applicant from consideration for employment.[6]

In sum, Wal–Mart's after-acquired evidence defense has no bearing on whether it is liable for intentional discrimination on the basis of plaintiff's religion. With respect to the remedies available to plaintiff should he ultimately prevail on the liability issue, genuine issues of material fact exist regarding whether Wal–Mart indeed would have refused to hire plaintiff had it known about the alleged misrepresentation at the time of the hiring decision. Accordingly, summary judgment is denied.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion for summary judgment (Doc. # 62) is denied.

**IT IS SO ORDERED.**

---

**5.** This is particularly true because other information supplied by plaintiff on the employment application indicated that he was not employed continuously by Rogers Home Improvement from September 1989 through February 1994. Plaintiff stated on the application that he worked for a company in Minnesota from November 1, 1992 to February 13, 1994.

**6.** Somewhat contradictory, Harris stated in his affidavit in support of Wal–Mart's motion for summary judgment that plaintiff would have been disqualified from consideration for employment when Wal–Mart discovered the alleged misrepresentation. Harris also averred that, if plaintiff had already been hired, plaintiff would have been immediately discharged upon Wal–Mart's discovery of the misinformation. In ruling on this motion, the court, of course, must look to the deposition testimony from which plaintiff is entitled to favorable inferences and leave until trial any attempt at reconciliation.