United States Court of Appeals,

Fifth Circuit.

No. 93-8632.

Bruce T. SHATTUCK, Plaintiff-Appellee/Cross-Appellant,

v.

KINETIC CONCEPTS, INC., Defendant-Appellant/Cross-Appellee.

April 13, 1995.

Appeal from the United States District Court for the Western District of Texas.

Before POLITZ, Chief Judge, GARWOOD and BENAVIDES, Circuit Judges.

POLITZ, Chief Judge:

Kinetic Concepts, Inc. appeals an adverse judgment on a jury verdict in Bruce T. Shattuck's age discrimination suit. Shattuck cross appeals the grant of summary judgment dismissing his state law claims and the denial of front pay. Finding no reversible error, we affirm.

*Background*

In 1984 KCI, a marketer of medical products, hired Shattuck, then 52 years old, as a product manager. Shattuck invented a new device for KCI and thereafter was promoted to Director of National Account Sales. In that capacity he secured accounts with the majority of large hospital groups, winning a special company award for his efforts. Younger people were placed under Shattuck for guidance and training. In due course one of these younger employees, 37-year-old Willie Williams, was promoted over Shattuck to Executive Director of National Accounts. According to Shattuck, John Bardis, a senior vice-president, explained that the new

position was too demanding for someone of Shattuck's age and that the younger Williams was better able to "come in early and stay late." Shattuck continued in his assignment, earning a year-end bonus in 1989 and a raise in September 1990, for which he thanked his superior, Williams, with a memorandum citing his earlier conversation with Bardis about "dinosaurs," as he considered he was viewed, and promising to step aside when and if his age became an impediment to his job performance. Williams forwarded the memo to Bardis; two weeks later Shattuck was discharged, purportedly as part of a reduction in force.

After satisfying administrative prerequisites, Shattuck brought suit under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 *et seq.,* appending state law claims thereto. The district court granted summary judgment for KCI on the state law claims but Shattuck prevailed at trial on the age discrimination claim, obtaining liquidated damages upon the jury's finding that the ADEA violation was willful. After unsuccessfully seeking post-judgment relief, KCI appealed. Shattuck cross appealed the dismissal of his state law claims and the denial of front pay.

*Analysis*

1. *After-acquired evidence.*

This case requires application of the Supreme Court's recent teachings in *McKennon v. Nashville Banner Publishing Co.*[1] that evidence of employee wrongdoing acquired by the employer after termination does not provide immunity from liability but may affect

---

[1]--- U.S. ----, 115 S.Ct. 879, 130 L.Ed.2d 852 (1995).

the remedy. On the eve of trial KCI learned that Shattuck had falsely represented on his employment application that he was a college graduate when in fact he had completed less than a year of college work. The company maintains that it would not have hired Shattuck had it known of this falsification and would have fired him upon its discovery.

"Where an employer seeks to rely upon after-acquired evidence of wrongdoing, it must first establish that the wrongdoing was of such severity that the employee in fact would have been terminated on those grounds alone if the employer had known of it at the time of the discharge."[2] KCI presented no such evidence. Rather, it contends that the relevant question is whether it would have hired Shattuck had it known he did not have a college degree. As proof thereof, it cites Shattuck's testimony that he falsified the application because he felt such would be a requirement for getting hired. This is not sufficient; to hold otherwise would eviscerate *McKennon.* We are persuaded that the pertinent inquiry, except in refusal-to-hire cases, is whether the employee would have been fired upon discovery of the wrongdoing, not whether he would have been hired in the first instance.[3] The rationale underlying consideration of after-acquired evidence is that the employer should not be impeded in the exercise of legitimate prerogatives

---

[2]Id. at ----, 115 S.Ct. at 886-87.

[3]The *McKennon* Court applied a "would have been fired" standard but did not reach the question presented herein because the plaintiff's wrongdoing—theft of company documents—did not occur until after hiring.

3

and the employee should not be placed in a better position than he would have occupied absent the discrimination.[4] Cutting off relief at the time that a legitimate discharge would have occurred accomplishes these ends. Merely asking whether the employee would have been hired fails to recognize that an employer may retain an individual who has performed successfully, despite lack of formal qualification.[5] KCI did not establish that it would have discharged Shattuck upon discovering that he was not a college graduate. It therefore cannot obtain the relief it seeks solely on account of its after-acquired evidence.

2. *Sufficiency of the evidence and other evidentiary matters.*

KCI also challenges the sufficiency of the evidence. It discounts Shattuck's testimony that Bardis cited age as the reason for not naming him executive director, contending that a failure-to-promote claim was time-barred. Nonetheless, Bardis's explanation was relevant to the issue of the motivation for Shattuck's subsequent discharge.[6] Shattuck also testified to a post-termination conversation in which Williams attributed the firing to Shattuck's failure to conform to a youthful corporate

---

[4]Id.

[5]Our decision is consistent with that of our Seventh Circuit colleagues in *Washington v. Lake County, Ill.,* 969 F.2d 250 (7th Cir.1992). We are not aware that any other circuit has discussed this precise issue, although the Eighth Circuit, after noting *Washington,* inquired whether the employee would have been hired. *Welch v. Liberty Machine Works, Inc.,* 23 F.3d 1403 (8th Cir.1994).

[6]*See Cortes v. Maxus Exploration Co.,* 977 F.2d 195 (5th Cir.1992) (time-barred conduct may be relevant to show current discrimination).

4

image and to the memorandum reiterating Bardis's prior age-related comments; Shattuck's son likewise testified to an admission by Williams that the firing was motivated by age. Contrary to KCI's arguments, these were not mere figures of speech at which we have looked askance, but direct statements of motivation.[7] The testimony was amenable to the usual challenge on grounds of interest, but that is a jury question which was resolved in Shattuck's favor. There also was evidence that Shattuck was not targeted for layoff until after he had written the fateful memo to Williams. KCI contends that discharge on account of the memo is not necessarily equivalent to discharge on account of age; hypothetically, Bardis could have been angry because the memo was untrue. That may be so but the testimony also would support an inference that Bardis acted because Shattuck challenged his attitude about age. In reviewing a sufficiency challenge, we must draw all reasonable inferences in favor of the verdict.[8]

In addition, Shattuck presented the testimony of Larry Simonsen, KCI's former chief of Human Resources, and Tomas Diaz,

---

[7]KCI's reliance on *Simmons v. McGuffey Nursing Home, Inc.,* 619 F.2d 369 (5th Cir.1980), is misplaced. In *Simmons,* we affirmed summary judgment for the defendant where the uncontradicted evidence established that the plaintiff was fired because of strained personal relations with certain board members, to-wit, his former wife and her sisters, notwithstanding testimony by the plaintiff's daughter that one board member indicated a preference for a younger replacement. There, the age-related reference related only to the new hire. Here, the age-related statements bear directly on the reason that Shattuck was discharged.

[8]*Boeing Co. v. Shipman,* 411 F.2d 365 (5th Cir.1969) (*en banc*).

formerly a member of the Human Resources staff. Simonsen reiterated his concern about the impact of the reduction-in-force on older employees and other protected groups within the workforce, and Diaz reported a statement by Bardis that a particular job applicant was too old. KCI strenuously claims error in the admission of the Diaz and Simonsen testimony. To the extent that KCI complains of testimony about race or gender bias, such testimony was assiduously excluded by the district court and the isolated instances in which references were made did not taint the verdict. To the extent that KCI contests the admission of evidence of age discrimination against other employees, it misconstrues the law. There is no proscription of evidence of discrimination against other members of the plaintiff's protected class; to the contrary, such evidence may be highly probative, depending on the circumstances.[9] The Bardis statement falls in that category. Diaz also testified to a similar statement by a district manager outside Shattuck's chain of command; that statement, further afield but merely cumulative, did not prejudice KCI's substantial rights.

The evidence amply supports not only a finding of

---

[9]*See, e.g., Lindsey v. Prive Corp.,* 987 F.2d 324 (5th Cir.1993) (finding evidence of age discrimination in the fact that three other dancers over 40 were dismissed at the same time as plaintiff); *Reeves v. General Foods Corp.,* 682 F.2d 515 (5th Cir.1982) (testimony of another older employee who was forced to resign bolstered the inference of age discrimination); *accord Visser v. Packer Engineering Associates, Inc.,* 924 F.2d 655 (7th Cir.1991) (*en banc* ) (fellow employees may testify to racial slurs and acts of racial discrimination against them, subject to limitations designed to prevent the trial from fragmenting into multiple mini-trials); *Hawkins v. Hennepin Technical Center,* 900 F.2d 153 (8th Cir.) (same), *cert. denied,* 498 U.S. 854, 111 S.Ct. 150, 112 L.Ed.2d 116 (1990).

discrimination but also of willfulness.  As the Court recently reaffirmed in *Hazen Paper Co. v. Biggins,*[10] a violation of the ADEA is willful if the employer either knew or showed reckless disregard for the fact that its conduct was prohibited by statute.  Viewed in the light most favorable to the verdict, the evidence herein establishes that KCI knew age discrimination was unlawful but, notwithstanding, discharged Shattuck because of his age without even colorable grounds to believe the ADEA did not apply.

3. *Damages.*

KCI launches several attacks on the $159,467 damage award. At the threshold it disingenuously argues that back pay should be ended as of the date of Shattuck's resignation from a higher paying job at the Mediscus Group, Inc., a KCI competitor.  It neglects to mention that the resignation was prompted by a letter from KCI's attorneys seeking compliance with a noncompetition agreement it had with Shattuck.  KCI also cites numerous offsets that it contends the jury failed to consider.  We agree with the district court that KCI's calculations omit several of Shattuck's losses, including lost wages during 1990 and medical and other compensable expenses. We are not persuaded that the award was excessive.

Shattuck cross appeals the district court's decision to offset front pay of $112,606 by the award of $159,467 for liquidated damages, resulting in a zero figure for the front pay

---

[10]--- U.S. ----, 113 S.Ct. 1701, 123 L.Ed.2d 338 (1993).

award.  Relying on Seventh Circuit cases,[11] Shattuck argues that the availability of liquidated damages is relevant to the decision whether to award front pay only if, unlike the case at bar, the front pay award is speculative.  We recently reaffirmed the principle that "a substantial liquidated damage award may indicate that an additional award of front pay is inappropriate or excessive" without adopting a bright-line limitation.[12]  The district court made the appropriate evaluation and we perceive no abuse of discretion.

4. *KCI's remaining assignments of error.*

KCI raises three objections to the jury charge.  Only one warrants mention.  KCI assigns error to the omission of an element of a *prima facie* reduction-in-force case articulated in *Williams v. General Motors Corp.*[13]—whether the plaintiff was qualified to assume another position at the time of discharge.  We do not agree.  When an employment discrimination case reaches the fact finder, the pertinent inquiry is whether the plaintiff has proven discrimination, not whether he has made a *prima facie* case.[14]

---

[11]*Price v. Marshall Erdman & Associates, Inc.,* 966 F.2d 320 (7th Cir.1992);  *E.E.O.C. v. Century Broadcasting Corp.,* 957 F.2d 1446 (7th Cir.1992);  *Hybert v. Hearst Corp.,* 900 F.2d 1050 (7th Cir.1990).

[12]*Hadley v. VAM P T S,* 44 F.3d 372, 376 (5th Cir.1995), *quoting Walther v. Lone Star Gas Co.,* 952 F.2d 119, 127 (5th Cir.1992).

[13]656 F.2d 120 (5th Cir.1981), *cert. denied,* 455 U.S. 943, 102 S.Ct. 1439, 71 L.Ed.2d 655 (1982).

[14]*See, e.g., Armstrong v. City of Dallas,* 997 F.2d 62 (5th Cir.1993).

Finally KCI contests the denial of its motion for a mistrial after a member of the jury venire on *voir dire* recounted, within the hearing of the entire panel, his experience with layoffs. Although the offending individual was removed for cause, KCI maintains that his comments tainted the entire jury. We perceive no abuse of discretion. The comments were not presumptively prejudicial[15] and KCI requested neither questioning of the jurors to determine any taint[16] nor an admonition to disregard the comments.

5. *Summary judgment on the state law claims.*

Shattuck contends that the district court erred by deciding KCI's motion for partial summary judgment without affording him an opportunity to respond. In fact, Shattuck chose not to respond because the motion was filed late. At the district court's invitation, Shattuck filed a motion for reconsideration; after considering his arguments, the court denied the motion. Shattuck suffered no prejudice from the procedural complications.

On the merits, Shattuck did not present a triable issue with respect to the state law claims. His claim of intentional infliction of emotional distress founders because KCI's actions do not rise to the level of extreme and outrageous conduct. His

---

[15]*See United States v. Webster,* 750 F.2d 307 (5th Cir.1984) (the presumption of prejudice generally is reserved for jury panels tainted by outside influence, and perhaps for premature juror discussions about guilt or innocence), *cert. denied,* 471 U.S. 1106, 105 S.Ct. 2340, 85 L.Ed.2d 855, 471 U.S. 1106, 105 S.Ct. 2341, 85 L.Ed.2d 856 (1985).

[16]*See White v. Smith,* 984 F.2d 163 (6th Cir.), *cert. denied,* --- U.S. ----, 113 S.Ct. 2367, 124 L.Ed.2d 273 (1993).

9

failure to establish a factual dispute about KCI's intentions or its right to enforce the noncompetition agreement bars the claim for tortious interference with contract;[17]  even if the agreement was overbroad, it was subject to reformation.[18]  The duress claim fails for similar reasons.[19]

AFFIRMED.

---

[17]*Sakowitz, Inc. v. Steck*, 669 S.W.2d 105 (Tex.1984), as modified by *Sterner v. Marathon Oil Co.*, 767 S.W.2d 686 (Tex.1989).

[18]Tex.Bus. & Comm.Code §§ 15.50-15.51.

[19]*Griffith v. Geffen & Jacobsen, P.C.*, 693 S.W.2d 724 (Tex.App.1985) (a threat to bring suit does not constitute duress if the defendant has a legal right to do so).