**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 98-60334

_____

ROGER REEVES

Plaintiff-Appellee,

versus

SANDERSON PLUMBING PRODUCTS, INC.

Defendant-Appellant,

- - - - - - - - - -
Appeals from the United States District Court
for the Northern District of Mississippi
(96CV197-S-D)
- - - - - - - - - -
September 13, 2000

ON REMAND FROM THE UNITED STATES SUPREME COURT

Before HIGGINBOTHAM, JONES, and WIENER, Circuit Judges.

PER CURIAM:[*]

In this age discrimination suit, pursuant to the Age Discrimination in Employment Act of 1967, as amended, Plaintiff-Appellant Roger Reeves brought suit against Defendant-Appellant Sanderson Plumbing Products, Inc. ("Sanderson") alleging that he was terminated because of his age. The district court awarded Reeves $28,490.80 in front pay, representing two years' lost

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

income, and $35,000 in liquidated damages, as determined by the jury.

We reversed the district court's denial of Sanderson's motion for judgment as a matter of law. The Supreme Court of the United States then reversed our decision and remanded the case to us for further proceedings not inconsistent with their decision. By motion, Sanderson has asked us to address on remand the propriety of the district court's award of front pay, an issue not addressed in our earlier decision. We grant that motion and proceed to address the question of front pay.

The standard of review here is abuse of discretion.[1]

"[A] substantial liquidated damages award <u>may</u> indicate that an additional award of front pay is inappropriate or excessive."[2] Sanderson argues that the district court should not have granted front pay here as the liquidated damages are greater than two years' lost income and thus their award would be punitive in effect. Even though district courts <u>may</u>, in their discretion, refuse to award front pay when awarding substantial liquidated damages, this does not mean that they <u>must</u> refuse to do so. We cannot say that the district court abused its discretion in awarding front pay in addition to liquidated damages.

---

[1] <u>See</u> <u>Shattuck v. Kinetic Concepts, Inc.</u>, 49 F.3d 1106, 1110 (5th Cir. 1995); <u>Hadley v. VAM</u>, 44 F.3d 372, 375 (5th. Cir. 1995).

[2] <u>Walther v. Lone Star Gas Company</u>, 952 F.2d 119, 127 (5th. Cir. 1992) (emphasis added).

We therefore affirm the district court's original judgment, as instructed by the Supreme Court, including the award of front pay, and remand this case to the district court for reentry of its original judgment.

AFFIRMED and REMANDED.