## A09A1879. KATZ v. CROWELL.
### (691 SE2d 657)

BERNES, Judge.

Francine Crowell sued Stephen M. Katz, her former attorney, for damages, alleging that his malpractice resulted in the dismissal of her wrongful termination claim against a former employer. Katz defaulted; thus, his liability was deemed admitted and the only issue in dispute was Crowell's damages. Following a bench trial, the trial court concluded that Crowell was entitled to compensatory damages for legal fees she had paid Katz and for back pay she had sought in the wrongful termination case. The trial court also awarded punitive damages and attorney fees. On appeal, Katz argues that the award for back pay was erroneous in light of evidence which he contends

supports a finding that Crowell had failed to inform her former employer of a prior criminal allegation against her. He further argues that a reversal of the award of back pay will necessarily result in a reversal of the award of punitive damages and attorney fees.[1] We find no error and affirm.

> While we apply a de novo standard of review to any questions of law decided by the trial court, factual findings made after a bench trial shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of witnesses. OCGA § 9-11-52 (a). Because the clearly erroneous test is in effect the same standard as the any evidence rule, appellate courts will not disturb fact findings of a trial court if there is any evidence to sustain them.

(Citation, punctuation and footnote omitted.) *Washington v. Harrison*, 299 Ga. App. 335, 336 (682 SE2d 679) (2009).

So construed, the evidence presented during the bench trial showed that Crowell engaged Katz in September 2005 for the purpose of filing an action for wrongful termination against Deloitte Services LP, her former employer. Crowell paid Katz a retainer in the amount of $10,000. Katz filed a complaint on Crowell's behalf in the United States District Court for the Northern District of Georgia, alleging that Deloitte had terminated Crowell for an unlawful racially discriminatory reason.

When the litigation commenced, the district judge sent counsel, including Katz, a document entitled "Instructions to Litigants." The document included various case management rules and advised the attorneys of certain procedural requirements and other guidelines generally governing their conduct during the course of the case.

Katz violated the court's instructions by failing to participate in the creation and filing of a "Joint Certificate of Interested Persons" and a "Joint Preliminary Report and Discovery Plan." The district court entered an order noting that the filings were past due and instructed Katz to contact opposing counsel and participate in the submission of the required documents within 15 days. The order further informed Katz that his failure to do so would result in the dismissal of Crowell's complaint. When Katz did not comply, the district court dismissed the case.

Katz did not inform Crowell of the dismissal, but instead

---

[1] Although Katz devotes several pages of his appellate brief to the issue of whether Crowell was entitled to recover emotional distress damages, none were awarded by the trial court so we need not address this issue.

represented to her that he was still working on the case. She did not learn of the dismissal until nearly eight months later, when she was notified by a third party.

Crowell subsequently filed the instant legal malpractice action against Katz. In her complaint, she alleged that she had been employed and terminated by Deloitte; that the reason given for her termination was false; that prior to being advised of her termination, she and other African-American employees had been subject to a performance improvement program that Deloitte used as a device to deny Crowell and other African-American employees compensation, training, and promotional opportunities; that she had incurred financial losses and emotional distress as a result of the racially discriminatory practices of Deloitte; that after her wrongful termination, she had valid claims against Deloitte for a discriminatory discharge in violation of 42 USC § 1981; that the dismissal of her case resolved in favor of Deloitte an otherwise valid claim against Deloitte, which would have resulted in a judgment in her favor or a settlement for a substantial sum of money; that Katz's representation in her case deviated from the required standard of care normally possessed and utilized by lawyers who represent plaintiffs in similar types of lawsuits; that Katz's conduct further included malice, fraud, wantonness, oppression or that want of care which would raise the presumption of conscious indifference to the consequences; and that Katz was guilty of bad faith and stubbornly litigious conduct causing her unnecessary trouble and expense. Crowell further claimed that she was entitled to recover damages in the amount of the $10,000 retainer she paid to Katz, plus interest; general compensatory and special damages, which included back pay for the salary loss that she had suffered; punitive damages; and an award of attorney fees and cost of litigation.

Katz failed to answer Crowell's complaint, resulting in a default by which Katz's liability was established as a matter of law and each of the above allegations was deemed admitted. See OCGA § 9-11-55 (a). Thus, the only issue in dispute between the parties related to Crowell's damages.

During the bench trial, Katz did not contest that he owed Crowell a return of the retainer plus interest, nor did he dispute that the amount of attorney fees being claimed by Crowell's counsel was reasonable. Instead, he contended that, during his representation of Crowell, she had informed him that approximately 25 years ago, she had been "charged" with a felony which she had not disclosed to Deloitte. Relying on *McKennon v. Nashville Banner Publishing Co.*, 513 U. S. 352 (115 SC 879, 130 LE2d 852) (1995), Katz argued that this alleged fact amounts to after-acquired evidence of Crowell's wrongdoing that would have barred her recovery of back pay in the

underlying lawsuit. Hence, Katz argued, Crowell was not damaged by his malpractice. See *Wallace v. Dunn Constr. Co.*, 62 F3d 374, 379 (IV) (11th Cir. 1995) (extending the holding in *McKennon* to include cases in which the after-acquired evidence concerns an employee's misrepresentation in the job application process).

1. Katz asserts on appeal that the trial court erred in rejecting his argument that Crowell was not damaged by his conduct.

Even if we assume that Katz was not procedurally barred from raising this defense in light of his default and the resulting admissions, his position lacks merit. *McKennon* stands for the proposition that, in some circumstances, even in the face of a valid discrimination claim, certain after-acquired information of an employee's wrongdoing by an employer can be used to limit the damages available to the employee. Id. at 360-363 (II). It goes without saying that there must be some evidence of the alleged wrongdoing by the employee in order for *McKennon* to be invoked. And,

> [w]here an employer seeks to rely upon after-acquired evidence of wrongdoing, it must first establish that the wrongdoing was of such severity that the employee in fact would have been terminated on those grounds alone if the employer had known of it at the time of the discharge.

Id. at 362-363 (II).

Katz's assertion that Crowell's alleged felony "charge" bars her recovery of back pay under *McKennon* fails for numerous reasons. First, despite Katz's unsupported statement that the undisputed evidence shows that Crowell "was arrested, convicted, and imprisoned" for an alleged assault, the record shows only that Crowell admitted that, over 25 years prior, she had been "charged" with felony assault of an abusive boyfriend, but that neither she nor anyone else had a clear understanding as to the disposition of that charge. Indeed, Katz's own attempts to establish that Crowell had a criminal record were unsuccessful.

Second, Katz did not offer any evidence that Crowell was ever asked by Deloitte about her criminal history, much less that she made any affirmative misrepresentation to the company about her past. The only relevant evidence in this regard is Crowell's testimony that she was advised by an attorney in the criminal matter that, if asked, she should answer in the negative any inquiries into whether she had a felony conviction.

And finally, the record is devoid of any evidence that Crowell's 25-year-old criminal incident would have had any bearing whatsoever on Deloitte's decision to hire her, or that learning of it after the fact would have resulted in her termination. The absence of this

evidence is fatal to Katz's position. See *McKennon*, 513 U. S. at 362-363 (II). Compare *Wallace*, 62 F3d at 380 (V) (A);[2] *Yeary v. Fla. Dept. of Corrections*, No. 95-0583-CIV-J-21-C, 1997 U. S. Dist. LEXIS 8839, *10-24 (III) (B) (2) (M.D. Fla., May 13, 1997).

In sum, Katz has not shown that the back pay damages awarded by the trial court would have been barred in the underlying lawsuit or were otherwise improper in this action. It follows that Katz's remaining argument that Crowell was not entitled to punitive damages or attorney fees because they were not predicated upon a valid compensatory award also fails. And since Katz has not otherwise challenged the amount of the award or the sufficiency of the evidence underlying the trial court's factual findings, which are aptly supported by the record, we affirm the trial court's order.

2. In accordance with Court of Appeals Rule 15 (b), we are authorized, with or without motion, to impose a penalty for the filing of a frivolous appeal. Because Katz could have had no reasonable basis to anticipate that this Court would reverse the trial court's judgment in this case, we assess a penalty against him in the amount of $2,500. See *Crane v. Lazaro*, 281 Ga. App. 127, 128-129 (2) (635 SE2d 319) (2006); *Grovnor v. Bd. of Regents &c. of Ga.*, 231 Ga. App. 120, 121 (2) (497 SE2d 652) (1998); *Hallisy v. Snyder*, 219 Ga. App. 128, 129 (4) (464 SE2d 219) (1995). On remittitur, the trial court is directed to enter judgment in that amount against Katz in favor of Crowell.

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED MARCH 10, 2010.

*Stephen M. Katz*, pro se.
*Jones, Jensen & Harris, Taylor W. Jones, Richard E. Harris*, for appellee.

---

[2] Although the court held in *Wallace* that there existed no genuine issue of material fact that the employee would have been fired when her employer learned of a misrepresentation on her job application, that finding did not act as a total bar to her recovery of back pay. See *Wallace*, 62 F3d at 380 (V) (B).