955 So.2d 533 (2007)
SPEEDWAY SUPERAMERICA, LLC, Petitioner,
v.
Erma DUPONT, Respondent.
No. SC06-1617.
Supreme Court of Florida.
April 5, 2007.
Susan Potter Norton of Allen, Norton and Blue, P.A., Coral Gables, Florida, and Brian Koji of Allen, Norton and Blue, P.A., Tampa, FL, for Petitioner.
Wayne L. Allen of Allen and Arcadier, P.A., Melbourne, FL, for Respondent.
PER CURIAM.
This Court initially accepted jurisdiction to review Speedway SuperAmerica, LLC v. Dupont, 933 So.2d 75 (Fla. 5th DCA 2006), a decision in which the Fifth District Court of Appeal certified the following question to be of great public importance:
DOES THE RULE ANNOUNCED IN MERCURY MOTORS EXPRESS, INC. v. SMITH, 393 So.2d 545 (Fla.1981), UNDER WHICH AN EMPLOYER CAN BE HELD VICARIOUSLY LIABLE FOR PUNITIVE DAMAGES BASED UPON THE WILLFUL AND WANTON CONDUCT OF ITS EMPLOYEE, APPLY TO PUNITIVE DAMAGE AWARDS UNDER SECTION 760.11(5), FLORIDA STATUTES?
Id. at 91. After further consideration, this Court concludes that jurisdiction was improvidently *534 granted. Accordingly, this review proceeding is dismissed.
It is so ordered.
LEWIS, C.J., and WELLS, ANSTEAD, PARIENTE, QUINCE, CANTERO, and BELL, JJ., concur.
PARIENTE, J., concurs with an opinion, in which ANSTEAD, J., concurs.
PARIENTE, J., concurring.
I concur in the Court's decision declining to answer the certified question and dismissing this case. The en banc decision of the Fifth District specifically asks whether our decision in Mercury Motors Express, Inc. v. Smith, 393 So.2d 545 (Fla.1981), provides the correct standard for holding an employer vicariously liable for punitive damages pursuant to a provision in Florida's version of Title VII of the Civil Rights Act of 1964, the Florida Civil Rights Act (FCRA), section 760.10, Florida Statutes (1997). See Speedway SuperAmerica, LLC v. Dupont, 933 So.2d 75, 91 (Fla. 5th DCA 2006). In Mercury Motors, this Court concluded that an employer may be held vicariously liable for punitive damages based upon the willful and wanton conduct of an employee acting within the scope of such employment, but only if there is a finding of independent fault on the part of the employer, such as ordinary negligence. 393 So.2d at 549.
However, the award of punitive damages against the employer (Speedway) in this case was not based on our decision in Mercury Motors. To the contrary, it is uncontroverted that the jury in this case was instructed on a standard for imposing punitive damages based on the federal law, specifically whether the employer (Speedway) "acted with malice, willfulness or callous disregard of the rights of plaintiff." The special verdict form further explains the heightened federal standard for awarding punitive damages. In fact, it was the employer that requested the special instruction, which was given by the trial court without objection. Accordingly, the jury was never instructed on the more relaxed standard of Mercury Motors. On appeal, the Fifth District evaluated whether there was sufficient evidence to support the punitive damages verdict. See Speedway, 933 So.2d at 91. The Fifth District reviewed the sufficiency of the evidence under both Mercury Motors and the higher federal standard of willful and wanton behavior. Although the Fifth District found that it was a "close case," it ultimately concluded that the evidence was sufficient based on the higher standard of willful and wanton behavior and affirmed the punitive damages award. See id. at 90-91.
The Fifth District certified the question of whether Mercury Motors was the proper standard for awarding punitive damages under section 760.10 as an issue of "great public importance in future like cases." Speedway, 933 So.2d at 91. Certainly, the applicable standard for awarding punitive damages in claims under FCRA is an important question. However, the constitution also requires that the court "pass[] upon a question certified by it to be of great public importance," art. V, § 3(b)(4), Fla. Const. (emphasis supplied), and the Fifth District never determined which standard of punitive damages applied. Because the jury was instructed to award punitive damages only upon a finding of willful and wanton behavior and the evidence was sufficient to sustain an award of punitive damages under this higher standard, it is questionable whether the certified question was actually passed upon by the Fifth District or determinative of the outcome of the case. See Pirelli Armstrong Tire Corp. v. Jensen, 777 So.2d 973, 974 (Fla.2001); Gee v. Seidman & Seidman, *535 653 So.2d 384, 385 (Fla.1995). For this reason, I believe it is appropriate for the Court to dismiss this case.
ANSTEAD, J., concurs.